ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

      Plaintiff,

 - against -

COHMAD SECURITIES CORPORATION,
MAURICE J. COHN, MARCIA B. COHN, and
ROBERT M. JAFFE,
      Defendants.
-------------------------------------------------------------x

: 09 Civ. 5680 (LLS)
: ECF CASE

## JUDGMENT ON CONSENT AS TO DEFENDANT ROBERT M. JAFFE

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint on Nov. 1, 10; Defendant Jaffe having entered a general appearance and consented to the Court's jurisdiction over Defendant and the subject matter of this action; and Defendant Jaffe having consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)  employing any device, scheme or artifice to defraud any client or prospective client; or

(b)  engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation, or aiding and abetting a violation, of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from aiding and abetting any violation of Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] or Rule 206(4)-3 thereunder [17 C.F.R. § 275.206(4)-3] by knowingly providing substantial assistance to an investment adviser that pays a cash fee, directly or indirectly, to a solicitor without complying with the provisions of Rule 206(4)-3.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(7) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(b)(7)] or Rule 15b7-1 thereunder [17 C.F.R. § 240.15b7-1] by knowingly providing substantial assistance to a registered broker or dealer that effects any transaction in, or induces the purchase or sale of, any security:

(a) without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

(b) without meeting, and having all natural persons associated with the broker or dealer meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

(c) without having any natural person associated with the broker or dealer who effects or is involved in effecting such transactions be registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from aiding and abetting any violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)], or Rule 17a-3 thereunder [17 C.F.R. § 240.17a-3], by knowingly providing substantial assistance to a broker or dealer that fails to make, maintain on such broker's or dealer's premises, keep accurate, or submit to the Commission and other regulatory bodies the books, records, and information required by Section 17(a) of the Exchange Act and Rule 17a-3 thereunder.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, from the date the ill-gotten gain was received, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: November 2, 2010

*Louis L. Stanton*
HON. LOUIS L. STANTON, U.S.D.J.