ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-2-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

                Plaintiff,

- against -

COHMAD SECURITIES CORPORATION,
MAURICE J. COHN, MARCIA B. COHN, and
ROBERT M. JAFFE,
                Defendants.
------------------------------------------------------------------x

09 Civ. 5680 (LLS)
ECF CASE

## PARTIAL JUDGMENT ON CONSENT AS TO
## DEFENDANT COHMAD SECURITIES CORPORATION

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint (the "Complaint") on **Nov. 1, '10**; Defendant Cohmad Securities Corporation ("Cohmad" or "Defendant") having entered a general appearance and consented to the Court's jurisdiction over Defendant and the subject matter of this action; and Defendant Cohmad having consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment, by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from violating or aiding and abetting any violation of Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] or Rule 206(4)-3 thereunder [17 C.F.R. § 275.206(4)-3] by knowingly providing substantial assistance to an investment adviser that pays a cash fee, directly or indirectly, to a solicitor without complying with the provisions of Rule 206(4)-3.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from violating Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)], or Rule 15b3-1 thereunder [17 C.F.R. § 240.15b3-1], by failing to disclose required information, or providing inaccurate information, in any application for registration as a broker or dealer, or any amendment thereto.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from violating Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)], or Rule 17a-3 thereunder [17 C.F.R. § 240.17a-3], by failing to make, maintain on its premises, keep accurate, or submit to the Commission and other regulatory bodies the books, records, and information required by Section 17(a) of the Exchange Act and Rule 17a-3 thereunder.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, from the date the ill-gotten gain was received, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Cohmad Securities Corporation is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: __November 2, 2010__

_Louis L. Stanton_
HON. LOUIS L. STANTON, U.S.D.J.