ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

              Plaintiff,

  - against -

COHMAD SECURITIES CORPORATION,
MAURICE J. COHN, MARCIA B. COHN, and
ROBERT M. JAFFE,

              Defendants.
-------------------------------------------------------------x

: 09 Civ. 5680 (LLS)
: ECF CASE



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/24

## FINAL JUDGMENT ON CONSENT AS TO DEFENDANT ROBERT M. JAFFE

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint on November 1, 2010; Defendant Jaffe having entered a general appearance and consented to the Court's jurisdiction over Defendant and the subject matter of this action; Defendant having consented without admitting or denying to a Judgement imposing injunctive relief entered by the Court on November 2, 2010 ("Partial Judgment"); Defendant Jaffe having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the terms and relief in the Partial Judgment are fully incorporated herein.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for $33 million in disgorgement and prejudgment interest of $2,701,041.16, totaling $35.701 million. This disgorgement and prejudgment interest shall be deemed satisfied by the $38 million that Jaffe paid in his settlement with the Madoff-related SIPIC Trustee which sued Jaffe.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: Dec 13, 2024

                                            *Louis L. Stanton*
                                      HON. LOUIS L. STANTON, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION  :
:
Plaintiff,  :
:
: 09 Civ. 5680 (LLS)
- against -  : ECF CASE
:
COHMAD SECURITIES CORPORATION,  :
MAURICE J. COHN, MARCIA B. COHN, and  :
ROBERT M. JAFFE,  :
Defendants.  :
:
-----------------------------------------------------------------x

## CONSENT OF DEFENDANT ROBERT M. JAFFE

1. Defendant Robert M. Jaffe ("Defendant" or "Jaffe") acknowledges having been served with the Complaint and Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Amended Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") which, among other things, reincorporates the Judgment previously entered on November 2, 2010, that permanently restrains and enjoins Defendant from violations, or aiding and abetting violations, of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Sections 10(b), 15(b)(7), and 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b); 78o(b)(7); 78q(a)] and Rules 10b-5, 15b7-1, and 17a-3 thereunder [17 C.F.R. §§ 240.10b-5; 240.15b7-1; 240.17a-3]; and Sections 206(1), 206(2), and 206(4) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)] and Rule 206(4)-3 thereunder [17 C.F.R. § 275.206(4)-3]; and also resolves the remaining remedies, i.e.

disgorgement, prejudgment interest, and civil penalties.

3. Defendant acknowledges that he is liable for disgorgement of $33 million and prejudgment interest of $2,701,041.16, totaling $35.701 million. This disgorgement and prejudgment interest shall be deemed satisfied by the $38 million that Jaffe paid in his settlement with the Madoff-related SIPIC Trustee which sued Jaffe.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

Case 1:09-cv-05680-LBS  Document 45  Filed 12/13/24  Page 3 of 5

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a Final Judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed

3

in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/18/24

_____
Robert M. Jaffe

On January 18, 2024, Robert Jaffe, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



_____
Notary Public
Commission expires:

Approved as to form:

_____
Stephen Fishbein, Esq.
SHERMAN & STERLING
599 Lexington Avenue
New York, NY 10022-6069
*Attorneys for Defendant Robert M. Jaffe*

5